UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 15-108-DLB

ALI HADI SAWAF                                                                                    PLAINTIFF

V.                              MEMORANDUM OPINION AND ORDER

RUSSELL D. ALRED, et al.                                                                    DEFENDANTS

*** *** *** ***

I. INTRODUCTION

This legal malpractice action is before the Court on three separate motions: Defendants Russell D. Alred and Russell D. Alred, Attorney at Law, P.S.C.'s Motion to Dismiss Plaintiff Ali Sawaf's Complaint (Doc. # 12), Plaintiff's Motion for Leave to Certify a Question to the Kentucky Supreme Court (Doc. # 15), and Plaintiff's Motion for Reconsideration of the Court's September 29, 2015 Order granting Plaintiff's Counsel's Motion to Withdraw (Doc. # 18). Each motion is fully briefed and ripe for review. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

II. FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2001, a federal grand jury returned an eleven-count Indictment against Plaintiff, charging him with unlawful drug distribution. (Doc. # 1, at 3). Specifically, the United States alleged that Plaintiff prescribed controlled substances without a legitimate medical purpose in violation of 21 U.S.C. § 841(a)(1). *Id.* Once arrested, Plaintiff retained Defendant Russell D. Alred and his law firm, Russell D. Alred, Attorney at Law, P.S.C.

1

(collectively "Defendants"), to represent him.  During the course of the criminal case, the United States and Plaintiff, through Defendant Alred, engaged in plea discussions. *Id.* As a result of these discussions, the United States offered Plaintiff a plea bargain that would have resulted in a significantly reduced prison sentence of forty-one months. *Id.* at 4-5. Upon the advice of his counsel, Defendant Alred, Plaintiff rejected the United States' plea offer and proceeded to trial, where he was ultimately found guilty of eight of the eleven counts brought against him, and sentenced to a 240-month term of imprisonment. *Id.*

On direct appeal, the Sixth Circuit Court of Appeals affirmed Plaintiff's conviction but reversed and remanded the sentence pursuant to the *United States v. Booker*, 543 U.S. 220 (2005) decision.  (6:01-cr-00047-KKC-CJS-1, Doc. # 104), On September 23, 2005, Defendant was re-sentenced to the same 240 month term of imprisonment.  (6:01-cr-00047-KKC-CJS-1, Doc. # 116).  That sentence was vacated on March 16, 2006. (6:01-cr-00047-KKC-CJS-1, Doc. # 127).  Defendant Alred was permitted to withdraw and Plaintiff was appointed counsel for re-sentencing.  On March 8, 2007, Plaintiff was re-sentenced to 240 months imprisonment.  (6:01-cr-00047-KKC-CJS-1, Doc. # 155).  On July 28, 2008, the Sixth Circuit affirmed Plaintiff's conviction and sentence.  6:01-cr-00047-KKC-CJS-1, Doc. # 162).  Plaintiff's petition for writ of certiorari to the U.S. Supreme Court was denied on October 9, 2008.  (6:01-cr-00047-KKC-CJS-1, Doc. # 165).

On November 16, 2009, Plaintiff filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, claiming he received ineffective assistance of counsel because Defendant Alred failed to inform him of the Sentencing Guidelines and that he would be exposed to a much lengthier prison sentence by proceeding to trial and rejecting the United States' forty-one month plea offer. (6:01-cr-00047-KKC-CJS-1, Doc. # 166).  The district court denied

Plaintiff's Motion to Vacate (6:01-cr-00047-KKC-CJS-1, Docs. # 213, 214) on March 27, 2013.  Plaintiff appealed.

On June 30, 2014, the Sixth Circuit reversed the district court and remanded the case, finding that Plaintiff was prejudiced by Defendant Alred's failure to properly advise him during plea negotiations and had made a sufficient showing for his ineffective assistance of counsel claim. *See Sawaf v. United States*, 570 F. App'x 544 (6th Cir. 2014). On September 24, 2014, the district court re-sentenced Plaintiff to time-served as to each count. ((6:01-cr-00047-KKC-CJS-1, Docs. # 236, 237).

Almost nine months after being re-sentenced, Plaintiff filed the instant action against Defendants asserting claims for legal malpractice, breach of fiduciary duties, and negligent representation. (Doc. # 1).  On September 8, 2015, Defendants moved to dismiss Plaintiff's Complaint alleging that it failed to state a claim upon which relief can be granted for two reasons: (1) the statute of limitations bars Plaintiff's claim, and (2) Kentucky law prevents a convict from bringing a legal malpractice claim unless he has been exonerated of the underlying criminal charges. (Doc. # 12).  After briefing on the Motion to Dismiss was completed (Docs. # 13, 14), Plaintiff filed a Motion for Leave to Certify a Question to the Kentucky Supreme Court, claiming Kentucky law is unsettled, and proposing the following question: "When does the Statute of Limitations in a legal malpractice action in a criminal case begin to run? A. One year after the successful conclusion/termination of post-conviction relief? Or B. One year from the criminal defendant's sentence?" (Doc. # 15).

On September 28, 2015, Plaintiff's counsel in the instant action, C. William Swinford, filed a Motion to Withdraw, citing irreconcilable differences and attaching a *pro se* Motion for Habeas Corpus that Plaintiff recently filed in his 2001 criminal case, alleging his re-

3

sentencing for time-served was improper and that Mr. Swinford's failure to object to such re-sentencing constituted ineffective assistance of counsel. (Docs. # 16, 16-1). The Court granted Mr. Swinford's Motion to Withdraw by gavel order on September 29, 2015. (Doc. # 17). As a result of that Order, Plaintiff filed a Motion for Reconsideration, disputing the existence of irreconcilable differences, noting his financial inability to retain other counsel and the pending (but fully briefed) Motion to Dismiss, and asking the Court to require Mr. Swinford to continue as Plaintiff's counsel of record. (Doc. # 18). The Court will address each of these pending Motions in turn.

### III. ANALYSIS

#### A. *Choice of Law*

Before considering the issues raised in the Defendants' Motion to Dismiss and the Plaintiff's Motion for Certification, the Court must determine which State's law governs. As a federal court sitting in diversity, this Court must apply "the choice of law rules of the forum state." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (citing *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496 (1941)). Therefore, Kentucky choice of law rules govern. However, the Court need not go through the choice of law analysis when there is no potential for conflict between two states' laws. *Cf. Williams v. Toys "R" Us*, 138 F. App'x 798, 803 (6th Cir. 2005). If there is no potential for conflict, Kentucky law applies.

Although the parties do not address the choice of law issue in their briefs, they apparently believe that Kentucky law applies, and the Court agrees. Here, the only state with any significant contacts to this case is Kentucky.[1] "During 2000 and 2001," the

---

1    The fact that Plaintiff is now a resident of Johnson City, Tennessee, does not affect the Court's choice of law analysis.

4

relevant time for Plaintiff's claims, he "was a medical doctor and board certified urologist, licensed to practice medicine in the Commonwealth of Kentucky." (Doc. # 1, at 1). Defendant Alred is a resident of Kentucky and Defendant Russell D. Alred, Attorney at Law, P.S.C. is a professional service corporation organized under Kentucky law, with its principal place of business in Kentucky. *Id.* Furthermore, the underlying criminal case upon which Plaintiff's claims are based was indicted and tried in Kentucky. *Id.* Accordingly, the lack of potential conflict, combined with the strong preference for applying Kentucky law,[2] requires the Court to apply Kentucky law to this dispute.

### B.  Plaintiff's Motion for Certification

"The decision whether or not to utilize a certification procedure lies within the sound discretion of the district court." *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 449-50 (6th Cir. 2009) (citing *Transam. Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). "Resort to the certification procedure is most appropriate when the question is new and state law is unsettled." *Transam. Ins. Co.*, 50 F.3d at 372. Furthermore, the Court should "not trouble our sister state courts every time an arguably unsettled question of state law" arises. *Pennington*, 553 F.3d at 450 (citing *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). Instead, where there is "a reasonably clear and principled course, [the Court] will seek to follow it [itself]." *Id.* After examining Kentucky law on the statute of limitations issue and finding it to be settled, the Court declines to certify Plaintiff's proposed question to the Kentucky Supreme Court, and Plaintiff's Motion

---

2  Kentucky courts are "very egocentric or protective concerning choice of law questions" and thus, there is a strong preference in Kentucky for applying Kentucky law. *Paine v. La Quinta Motor Inns, Inc.*, 736 S.W.2d 355, 357 (Ky. Ct. App. 1987), *overruled on other grounds by Oliver v. Schultz*, 885 S.W.2d 699 (Ky. 1994); *see also Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000).

for Certification (Doc. # 15) is **denied**. Accordingly, the Court will address the merits of the Defendants' Motion to Dismiss.

### C. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, on the grounds that Plaintiff's legal malpractice, breach of fiduciary duties, and negligent representation claims are barred by the applicable one-year statute of limitations. (Docs. # 12, 12-1). Or, in the alternative, that Plaintiff cannot state a claim upon which relief can be granted because Kentucky law prohibits a convict from maintaining an action for legal malpractice, unless exonerated from the underlying criminal charges, and Plaintiff cannot satisfy this innocence requirement. *Id.*

To survive a Rule 12(b)(6) Motion to Dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court will grant a Motion to Dismiss under Rule 12(b)(6) only if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir.1978). While Rule 12(b) does not specifically address motions to dismiss based upon the alleged expiration of the applicable statute of limitations, "the prevailing rule is that a complaint showing on its fact that relief is barred by an affirmative defense," including the defense of limitations, "is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim." *Rauch*, 576 F.2d at 702. However, dismissal of a complaint because it is barred by the applicable statute of limitations is proper only "when the statement of the claim affirmatively shows that the

6

plaintiff can prove no set of facts that would entitle him to relief." *Duncan v. Leeds*, 742 F.2d 989, 991 (6th Cir.1984). In this regard, Plaintiff's Complaint must be liberally construed in determining whether the action is time-barred. *Ott v. Midland–Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir.1975).

As discussed above, the statute of limitations for legal malpractice in Kentucky is settled law. KRS § 413.245 provides that "[n]otwithstanding any other prescribed limitation of actions which might otherwise appear applicable ... a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured." KRS § 413.243 defines "professional services" as "any service in a profession required to be licensed, administered and regulated as professions in the Commonwealth of Kentucky," and the practice of law is such a profession. Kentucky law establishes that KRS § 413.245 is the "*exclusive* statute of limitations governing claims of attorney malpractice" if the "claims clearly arise out of acts or omissions in rendering, or failing to render, professional services." *Abel v. Austin*, 411 S.W.3d 728, 738 (Ky. 2013) (internal citations omitted). Here, Plaintiff has alleged three claims: legal malpractice, breach of fiduciary duties, and negligent representation. Because each of these claims "clearly arise out of [Defendants' alleged] acts or omissions in rendering, or failing to render" legal services to Plaintiff during his criminal case, each of his claims are governed by KRS § 413.245's one-year statute of limitations.

While the parties agree that this statute establishes the statute of limitations for Plaintiff's claims, they disagree over when the statute of limitations began to run.

7

Defendants claim that the statute of limitations began to run when Plaintiff's direct appeal became final, and thus, Plaintiff missed the statute of limitations by more than ten years. (Doc. # 12, at 1). Plaintiff, on the other hand, claims that the statute of limitations does not begin to run until the successful conclusion of a post-conviction proceeding. (Doc. # 13, at 5).

The Kentucky Court of Appeals has considered this exact issue. In *Stephens v. Denison*, 64 S.W.3d 297 (Ky. Ct. App. 2001), the Court of Appeals considered whether KRS § 413.245 barred Stephens' malpractice lawsuit. The Court held that the one-year statute of limitations "does not begin to run in a legal malpractice case until damages have become fixed and nonspeculative." *Stephens*, 64 S.W.3d at 299. Applying this rule, the Court of Appeals determined that the statute of limitations did not begin to run until "the date Stephens' appeal in the criminal case became final," not when he was originally sentenced, because that date is when a criminal defendant's legal malpractice damages "become fixed and nonspeculative." *Id*.

The Court of Appeals has also addressed whether post-conviction relief affects KRS § 413.245's one-year statute of limitations. In *Bryant v. Howell*, 170 S.W.3d 421 (Ky. Ct. App. 2005), the Court of Appeals rejected the plaintiff's argument that his habeas corpus petition tolled the statute of limitations. Specifically, the Court of Appeals determined that a habeas corpus petition is "an extraordinary remedy which is available only when relief by the usual process is inadequate" and may not be used "as a means to extend a statutory period." *Bryant*, 170 S.W.3d at 423. Accordingly, the Court of Appeals held that a habeas petition "constitutes a collateral attack on the judgment" and KRS § 413.245's one-year statute of limitations is not tolled by the filing of a petition for habeas corpus relief. *Id*. In

8

fact, the *Bryant* court cautioned that permitting collateral attacks, like habeas petitions, to extend or toll the one-year period for bringing legal malpractice claims would render the statute of limitations in KRS § 413.245 "meaningless." *Id.* at 424.

Here, Plaintiff's appeals were exhausted and his conviction and sentence became final on July 28, 2008 – once Plaintiff's conviction and 240-month sentence were finally affirmed by the Sixth Circuit. (6:01-cr-00047-KKC-CJS-1, Docs. # 162, 163). Defendants' assertion that Plaintiff's appeal became final on March 22, 2005 is incorrect. (Doc. # 12-1, at 2). On March 24, 2005, the Sixth Circuit affirmed Plaintiff's conviction, but reversed for re-sentencing in light of the intervening Supreme Court decision in *Booker*. After re-sentencing, Plaintiff's criminal case again went up on appeal, and the Sixth Circuit vacated and remanded the case for re-sentencing again. Finally, on July 28, 2008, after the third appeal, the Sixth Circuit affirmed both Plaintiff's convictions *and* sentence.

On June 23, 2015, Plaintiff filed this legal malpractice action – approximately six years and ten months after his direct appeals became final. Therefore, Plaintiff missed the statute of limitations by more than five years and his claims are barred by KRS § 413.245. In fact, even if the one-year statute of limitations did toll for collateral attacks, as Plaintiff argues, he would still come up short, because he did not file his Motion to Vacate until November 16, 2009 – approximately one year and three months after his appeals became final. Therefore, Plaintiff's claims would be time-barred, even under his incorrect interpretation of Kentucky law. Because Kentucky law unequivocally establishes that the one-year statute of limitations in KRS § 413.245 bars each of Plaintiff's claims, the Court need not address the parties' arguments relating to the innocence requirement. Accordingly, Defendants' Motion to Dismiss (Doc. # 12) is **granted** and Plaintiff's Complaint

(Doc. # 1) is **dismissed with prejudice**.

### D. *Plaintiff's Motion for Reconsideration*

The Court having decided that dismissal of Plaintiff's claims are appropriate, and Plaintiff's Motion for Reconsideration (Doc. # 18) of the Court's September 29, 2015 Order granting Mr. Swinford's Motion to Withdraw being now rendered moot, the Court need not address those arguments. Therefore, Plaintiff's Motion for Reconsideration (Doc. # 18) is **denied as moot**.

## IV.   CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)   Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. # 12) is **granted in full** and Plaintiff's Complaint (Doc. # 1) is **dismissed with prejudice**;

(2)   Plaintiff's Motion for Leave to Certify a Question to the Kentucky Supreme Court (Doc. # 15) is **denied**;

(3)   Plaintiff's Motion for Reconsideration (Doc. # 18) is **denied as moot**; and

(4)   The case is stricken from the Court's active docket.

This 11th day of May, 2016.



Signed By:
David L. Bunning   *DB*
United States District Judge

K:\DATA\ORDERS\London\2015\15-108 MOO.wpd